Donald L. Harris, Esq. (ISB No. 1969)
dharris@holdenlegal.com
DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@holdenlegal.com
HOLDEN KIDWELL HAHN & CRAPO, P.L.L.C.
P.O. Box 50130
1000 Riverwalk Drive, Suite 200
Idaho Falls, ID 83405
Telephone: (208)523-0620
Facsimile: (208) 523-9518

U.S. COURTS

05 DEC 14   AM 9: 00

RECD_____ FILED_____
CAMERON S. BURKE

CLERK IDAHO_____

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

CAMARIE MANGUM,

                              Plaintiff,

v.

ACTION COLLECTION SERVICE,
INC. d/b/a ACTION COLLECTION, an
Idaho corporation, BONNEVILLE
BILLING & COLLECTIONS, INC., an
Idaho corporation, BANNOCK
COLLECTIONS, INC., an Idaho
corporation, and CITY OF POCATELLO,
a political subdivision of the State of
Idaho,

                            Defendants.

Case No. CIV05 - 5 07 - E - BLW

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

Filing Fee: $250.00

COMES NOW the Plaintiff, Camarie Mangum, by and through her counsel of record,

Holden, Kidwell, Hahn & Crapo, P.L.L.C., and states her cause of action as follows:



## JURISDICTION AND VENUE

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*,

and 42 U.S.C. § 1983.

2.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), and 1367.

3.     This action properly lies in the District of Idaho, Eastern Division, pursuant to 28

U.S.C. § 1391(b) because the claims arose in this judicial district and venue also properly lies

in this District pursuant to 15 U.S.C. § 1692(i) because Plaintiff resides in this judicial

district.

## PARTIES

4.     Plaintiff Camarie Mangum (hereinafter "Ms. Mangum" or "Plaintiff") is a female

citizen and resident of the United States of America, who is, and at all times relevant hereto

was, a resident of Bannock County, Idaho, and a consumer as defined by FDCPA, 15 U.S.C.

§ 1692a(3) and FCRA, 15 U.S.C. § 1681a(c).

5.     Defendant Action Collection Service, Inc. d/b/a Action Collection (hereinafter

"Action Collection") is an Idaho corporation doing business in Bannock County, Idaho, and

a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a consumer reporting

agency as defined by FCRA, 15 U.S.C. § 1681a(3)(F).

6.     Defendant Bonneville Billing and Collections, Inc. (hereinafter "Bonneville

Collections") is an Idaho corporation doing business in Bannock County, Idaho, and a debt

collector as defined by FDCPA, 15 U.S.C. § 1692a(6), and a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(3)(F).

7.      Defendant Bannock Collections, Inc. (hereinafter "Bannock Collections") is an Idaho corporation doing business in Bannock County, Idaho, and a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), and a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(3)(F).

8.      Defendant City of Pocatello (hereinafter "City of Pocatello") is a political subdivision of the State of Idaho, conducting business in Bannock County, Idaho.

## FACTS COMMON TO ALL COUNTS

9.      Ms. Mangum realleges and incorporates by reference paragraphs 1 through 8 as though fully set forth herein.

10.     Plaintiff is currently employed with the City of Pocatello Police Department as a dispatcher.  She has been employed with the City of Pocatello Police Department since November 30, 1998.

11.     On or about Thursday, December 2, 2004, Chief of Police Edward L. Guthrie, was in a retail business in Pocatello, Idaho, where he observed Plaintiff's name on a list of persons with whom it was recommended that the business not accept checks.

12.     Chief Guthrie directed Captain Don Furu to conduct an investigation to determine why Plaintiff's name was included on the list.

13.     Plaintiff never provided consent, either orally or in writing, for her personal consumer information to be obtained by the City of Pocatello.

3     COMPLAINT AND DEMAND FOR JURY TRIAL

14.     In conducting his investigation, Captain Furu contacted Defendant Action Collection to inquire about Plaintiff's debts and her credit standing, worthiness or capacity.

15.     Defendant Action Collection provided Captain Furu information about Plaintiff's debts and its debt collection efforts.

16.     In conducting his investigation, Captain Furu contacted Defendant Bonneville Collections to inquire about Plaintiff's debts and her credit standing, worthiness or capacity.

17.     Defendant Bonneville Collections provided Captain Furu information about Plaintiff's debts and its debt collection efforts.

18.     In conducting his investigation, Captain Furu contacted Defendant Bannock Collections to inquire about Plaintiff's debts and her credit standing, worthiness or capacity.

19.     Defendant Bannock Collections provided Captain Furu information about Plaintiff's debts and its debt collection efforts.

20.     On or about December 15, 2004, Plaintiff was directed by Captain Furu to attend a mandatory investigatory interview.

21.     Plaintiff was allowed to have an additional witness with her during this interview and took her mother.

22.     During this interview, Captain Furu informed Plaintiff that a list was posted at SuperSave Drug of persons from whom the business was not to accept checks. Captain Furu further stated that he had contacted each of the Defendant debt collection agencies and obtained information with regard to her debts.

4       COMPLAINT AND DEMAND FOR JURY TRIAL

23.     As a result of Plaintiff's debts, Captain Furu informed her that she was in possible violation of the City of Pocatello's internal policies.

24.     From her own research after the investigatory interview, Plaintiff learned that the list posted at the Supersave Drug was prepared and provided to the business by Action Collection.

25.     Plaintiff requested in writing a copy of the investigatory report obtained by the City of Pocatello, but has not received a copy.

26.     Plaintiff was reprimanded based on the information obtained and continues to face disciplinary action.

## COUNT ONE
## VIOLATION OF 15 U.S.C. § 1692c

27.     Ms. Mangum realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28.     Plaintiff is a consumer pursuant to 15 U.S.C. § 1692a(3).

29.     Defendant Action Collection, Bonneville Collections, and Bannock Collections are debt collectors pursuant to 15 U.S.C. § 1692a(6).

30.     Defendant Action Collection, Bonneville Collections, and Bannock Collections communicated with a third-party without the prior consent of Plaintiff in violation of 15 U.S.C. § 1692c.

31.     As a result of Defendant Action Collection, Bonneville Collections, and Bannock Collections' actions, Plaintiff has incurred actual damages including lost wages, emotional

distress damages, and attorneys' fees as a result of representation necessary to save her employment.

32.     In addition, Plaintiff is entitled to attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

### COUNT TWO
### VIOLATION OF 15 U.S.C. § 1692d

33.     Plaintiff realleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34.     Defendants Action Collection, Bonneville Collections and Bannock Collections engaged in conduct to harass, oppress, or abuse Plaintiff by providing information with regard to her debts directly to her employer in violation of 15 U.S.C. § 1692d.

35.     As a result of Defendants Action Collection, Bonneville Collections and Bannock Collections' actions, Plaintiff has incurred actual damages including lost wages, emotional distress damages, and attorneys' fees as a result of representation necessary to save her employment.

36.     In addition, Plaintiff is entitled to attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT THREE
## VIOLATION OF 15 U.S.C. § 1692d

37.     Plaintiff realleges and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38.     Defendant Action Collection engaged in the publication of a list of consumers who allegedly refused to pay debts as posted in the SuperSave Store in violation of 15 U.S.C. § 1692d.

39.     As a result of Defendant Action Collection's actions, Plaintiff has incurred actual damages including lost wages, emotional distress damages, and attorney's fees as a result of representation necessary to save her employment.

40.     In addition, Plaintiff is entitled to attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR
## VIOLATION OF THE FCRA, 15 U.S.C. § 1681n AGAINST ACTION COLLECTION, BONNEVILLE COLLECTIONS AND BANNOCK COLLECTIONS

41.     Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

42.     Defendants Action Collection, Bonneville Collections and Bannock Collections are consumer reporting agencies as that term is defined by 15 U.S.C. § 1681a(f).

43.     Defendants willfully failed to comply with the requirements imposed under FCRA, including but not limited to:

(a)     failing to disclose to Plaintiff the nature and substance of all information in Plaintiff's file;

(b)     failing to disclose to Plaintiff that an investigative consumer report was being procured or may be procured; and

(c)     providing an investigative consumer report without receiving certification.

44.     As a direct and proximate cause of Defendants' violation of FCRA, Plaintiff suffered adverse employment action, damage to her reputation, worry, fear, stress, frustration, embarrassment, humiliation, and attorneys' fees, all to her damages in an amount to be determined by the jury.

45.     Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

46.     Plaintiff is entitled to her attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

**COUNT FIVE**
**VIOLATION OF THE FCRA, 15 U.S.C. § 1681o AGAINST ACTION**
**COLLECTION, BONNEVILLE COLLECTIONS AND**
**BANNOCK COLLECTIONS**

47.     Plaintiff realleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48.     Defendants Action Collection, Bonneville Collections and Bannock Collections are consumer reporting agencies as that term is defined by 15 U.S.C. § 1681a(f).

49.     Defendants negligently failed to comply with the requirements imposed under FCRA, including but not limited to:

(a)     failing to disclose to Plaintiff the nature and substance of all information in Plaintiff's file;

(b)     failing to disclose to Plaintiff that an investigative consumer report was being procured; and

(c)     providing an investigative consumer report without receiving certification.

50.     As a direct and proximate cause of Defendants' violation of FCRA, Plaintiff suffered adverse employment action, damage to her reputation, worry, fear, stress, frustration, embarrassment, humiliation, and attorneys' fees, all to her damages in an amount to be determined by the jury.

51.     Plaintiff is entitled to her attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## COUNT SIX
## VIOLATION OF THE FCRA, 15 U.S.C. § 1681n AGAINST
## CITY OF POCATELLO

52.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53.     Defendant City of Pocatello is a person as that term is defined by 15 U.S.C. § 1681a(b).

54.     Defendant City of Pocatello wilfully failed to comply with the requirements imposed under FCRA, including, but not limited to:

(a)     failing to obtain Plaintiff's oral or written authorization prior to the consumer report being obtained;

(b)    failing to disclose to Plaintiff a summary containing the nature and substance of the communication or report upon which an adverse action was taken against Plaintiff;

(c)    failing to provide Plaintiff a complete and accurate disclosure of the nature and scope of the investigation after written request; and

(d)    failing to provide a summary of Plaintiff's rights under FCRA.

55.    As a direct and proximate cause of Defendant's violation of FCRA, Plaintiff was caused to suffer adverse employment action, damage to her reputation, worry, fear, stress, frustration, embarrassment, humiliation, and attorneys' fees, all to her damages in an amount to be determined by the jury.

56.    Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

57.    Plaintiff is entitled to her attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## COUNT SEVEN
## VIOLATION OF THE FCRA, 15 U.S.C. § 1681o AGAINST
## CITY OF POCATELLO

58.    Plaintiff realleges and incorporates by reference paragraphs 1 through 57 as though fully set forth herein.

59.    Defendant City of Pocatello is a person as that term is defined by 15 U.S.C. § 1681a(b).

60.    Defendant City of Pocatello negligently failed to comply with the requirements imposed under FCRA, including, but not limited to:

(a)     failing to obtain Plaintiff's oral or written authorization prior to the communication;

(b)     failing to disclose to Plaintiff a summary containing the nature and substance of the communication upon which an adverse action was taken against Plaintiff;

(c)     failing to provide Plaintiff a complete and accurate disclosure of the nature and scope of the investigation after written request; and

(d)     failing to provide a summary of Plaintiff's rights under FCRA.

61.     As a direct and proximate cause of Defendant's violation of FCRA, Plaintiff was caused to suffer adverse employment action, damage to her reputation, worry, fear, stress, frustration, embarrassment, humiliation, and attorneys' fees, all to her damages in an amount to be determined by the jury.

62.     Plaintiff is entitled to her attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## COUNT EIGHT
## VIOLATION OF 42 U.S.C. § 1983 AGAINST
## CITY OF POCATELLO
## FOURTH AMENDMENT RIGHT TO PRIVACY

63.     Plaintiff realleges and incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

64.     Defendant City of Pocatello is a person pursuant to 42 U.S.C. § 1983.

65.     The acts and omissions of Defendant City of Pocatello as set forth above were undertaken under color of state law.

66.     Plaintiff has a constitutional right of privacy under the Fourth Amendment to the United States Constitution.

67.     The above-described acts and omissions were committed intentionally and violated Plaintiff's clearly established constitutional right of privacy.

68.     Defendant City of Pocatello's acts and omissions were the direct and proximate cause of the injuries complained of by Plaintiff herein.

69.     As a direct and proximate result of Defendant City of Pocatello's actions and/or failures to act, Plaintiff has suffered and will continue to suffer a loss of earnings, employment benefits, emotional distress, pain and suffering, medical expenses, loss of enjoyment of life, etc.  Plaintiff is entitled to general and compensatory damages, such amount to be proven at trial.

## ATTORNEY'S FEES

As a further direct and proximate result of Defendants' actions and/or failures to act, Ms. Mangum has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur costs and attorneys' fees which should be required to be paid by the Defendant pursuant to Idaho Code § 12-120(3), 15 U.S.C. § 1692k, 15 U.S.C. § 1681n(a), and 42 U.S.C. § 1988(b).

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues triable to a jury in this action.

## PRAYER FOR RELIEF

Wherefore, Ms. Mangum seeks judgment against the Defendants, as follows:

1.    For compensatory damages in an amount as shall be proven at trial;

2.    For punitive damages in an amount as shall be proven at trial;

3.    For attorney's fees pursuant to statute and costs of suit;

4.    For prejudgment interest on all amounts claimed; and

5.    For such other and further relief as the Court deems just and proper.


_DeAnne Casperson_ _____          Dated: __12/13/05__
DeAnne Casperson, Esq.
HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.

G:\WPDATA\DC\12529 Mangum\Pldgs\Complaint.wpd:bep