IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMARIE MANGUM,              ) | |
|                             ) | Case No. CV-05-507-E-BLW |
|          Plaintiff,         ) | |
|                             ) | **MEMORANDUM DECISION** |
|     v.                      ) | **AND ORDER** |
|                             ) | |
| ACTION COLLECTION SERVICE,  ) | |
| INC., d/b/a/ ACTION         ) | |
| COLLECTION, an Idaho        ) | |
| corporation, BONNEVILLE     ) | |
| BILLING & COLLECTIONS, INC.,) | |
| an Idaho corporation, BANNOCK ) | |
| COLLECTIONS, INC., an Idaho ) | |
| corporation, and CITY OF    ) | |
| POCATELLO, a political      ) | |
| subdivision of the State of Idaho, ) | |
|                             ) | |
|          Defendants.        ) | |
| _____) | |

## INTRODUCTION

The Court has before it Defendant City of Pocatello's Motion for Summary
Judgment (Docket No. 7) and Plaintiff's Motion for Discovery Pursuant to Federal
Rule of Civil Procedure 56(f) (Docket No. 15).  Under Rule 56(f), Mangum asks
the Court to either grant a continuance or deny the City's motion for summary
judgment,  thereby allowing Mangum an opportunity to conduct necessary
discovery.  Having considered the motions, for the reasons expressed below the

**Memorandum Decision & Order - Page 1**

Court grants Mangum's motion for discovery and denies the City's motion for summary judgment.

## BACKGROUND

In early December 2004, Pocatello Chief of Police, Edward L. Guthrie, while investigating a shoplifting incident at a drug store, recognized the name of Mangum, one of his dispatchers, on a list of persons from whom not to accept checks.  Startled by the discovery, Chief Guthrie authorized Captain Don Furu to investigate further as to why Mangum's name was on the list.

In the course of the investigation, Captain Furu contacted three collection agencies (Action Collection Service, Inc., Bonneville Billing & Collections, Inc., and Bannock Collections, Inc.), also parties to this case, to inquire about Mangum's debts.  Sometime between December 4 and 15, 2004, each of these collection agencies provided the Pocatello Police Department information about Mangum's financial history.

On December 15, 2004, Captain Furu invited Mangum to attend a mandatory investigatory interview, at which time Mangum was informed that her poor check-writing history was likely a violation of city policy and she was subject to disciplinary action.  Prior to this meeting, nothing on the record shows that Mangum knew that an investigation into her financial affairs was taking place.

**Memorandum Decision & Order - Page 2**

Mangum's Complaint contends that the City's actions violate both the Fair Credit Reporting Act ("FCRA") and her right of privacy.  On March 20, 2006, before the parties had begun discovery, the City filed a motion for summary judgment, claiming that none of the collection agencies it contacted are "consumer reporting agencies"as defined in the FCRA, nor did the collection agencies provide "consumer reports" and/or "investigative consumer reports" to the Police Department.  The City also denies Mangum's constitutional right of privacy in her financial information.

Mangum responded by filing a Rule 56(f) motion, indicating that the minimal facts on the record, coupled with her lack of time to conduct discovery into the nature of the collection agencies' communications, precludes her, as well as the Court, from determining that there are no genuine issues of material fact upon which the City is entitled to prevail as a matter of law.

## ANALYSIS

Rule 56(f) protects a party opposing a summary judgment motion who for valid reasons cannot by affidavit, or any other authorized means under Rule 56(e), present facts essential to justify the adverse party's opposition to the motion.  The rule allows a "party who has no specific material contradicting his adversary's presentation to survive a summary-judgment motion by presenting valid reasons

**Memorandum Decision & Order - Page 3**

justifying his failure of proof."  10B Charles Alan Wright, Arthur R. Miller &

Mary Kay Kane, *Federal Practice and Procedure* § 2740 (3d ed. 1998).  To

prevail on the Rule 56(f) motion, Mangum must show by good-faith affidavit (1)

the specific facts she hopes to elicit from further discovery, (2) that the facts exist,

and (3) that such facts are necessary to resist a summary judgment motion. *State v.*

*Campbell,* 138 F.3d 772, 779 (9th Cir. 1998).

        The Court is satisfied that Mangum fulfills each of these requirements.  On

April 13, 2006, Mangum filed the affidavit of Deanne Casperson, identifying some

of the specific facts Mangum needs to discover before being able to fully respond

to the City's motion.  (Docket No. 15, Attachment #2).  Among other things, the

affidavit indicates that discovery will help resolve the question of whether any of

the collection agencies provided "investigative consumer reports" and/or acted as

"consumer reporting agencies."

        Undoubtedly, much of Mangum's case turns on whether any of the

collection agencies acted as "consumer reporting agencies" under the FCRA.  A

"consumer reporting agency" is defined as:

> [A]ny person which, for monetary fees, dues, or on a
> cooperative nonprofit basis, regularly engages in whole
> or in part in the practice of assembling or evaluating
> consumer credit information or other information on
> consumers for the purpose of furnishing consumer
> reports to third parties, and which uses any means or

**Memorandum Decision & Order - Page 4**

> facility of interstate commerce for the purpose of
> preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

Although further discovery may show that none of the collection agencies acted in a consumer reporting capacity, at this stage in the litigation there are still many unanswered questions about the business practices of the collection agencies, the details of the investigation, and the disclosures made by the agencies. The Court is therefore unable to decide as a matter of law that none of the collection agencies meet the statutory definition of a consumer reporting agency.  Essentially, Mangum is faced with responding to the City's motion for summary judgment without having the opportunity to undertake any discovery on these issues.

In addition, Mangum's supporting memorandum makes the point that at least one of the collection agencies (Bannock Collection) published a list of consumers from whom retail businesses should not accept checks.  (Docket No. 15, Attachment # 2, p. 8 of 10).  Such publication arguably ventures beyond the realm of mere debt collection and into the realm of consumer reporting.  In this light, the City's motion ignores the fact that debt collection agencies might also function in a consumer reporting agency capacity.  Without further discovery, neither the parties nor the Court can make a reliable determination on the issue.

Regardless of the answers attained through additional discovery efforts,

**Memorandum Decision & Order - Page 5**

rejecting Mangum's request for further discovery would be contrary to the general policy and practice of the Ninth Circuit on Rule 56(f) motions.  It is generally the rule in the Ninth Circuit that where a summary judgment motion is filed so early in the litigation that a party has not had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should freely grant a Rule 56(f) motion.  *Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine,* 323 F.3d 767, 773 (9th Cir. 2003).  In essence, district courts are expected to generously grant Rule 56(f) motions as a matter of course when dealing with litigants who have not had sufficient time to develop affirmative evidence.  *Id.*

Of course, a Rule 56(f) motion should not be granted when the non-moving party has failed to diligently pursue discovery of the evidence.  *Qualls v. Blue Cross,* 22 F.3d 839, 844 (9th Cir. 1994).  That is not the case here.  The City filed its summary judgment motion on March 20, 2006, almost three weeks before the Court set the discovery cutoff deadline as part of a case management conference. Clearly, this is more a case of the City jumping the gun, than of Mangum refusing to move from the starting line.

Based on Ninth Circuit policy, and because Mangum has met the requirements of Rule 56(f), the Court grants Mangum's request for further discovery and denies the City's motion without prejudice, so as to allow Pocatello

**Memorandum Decision & Order - Page 6**

to move for summary judgment at a later date if it so chooses.  However, the Court expects that the motion will not be renewed until the parties have undertaken sufficient discovery to make such a motion meaningful.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that Plaintiff's Motion for Discovery pursuant to Federal Rule of Civil Procedure 56(f) (Docket No. 15) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Docket No. 7) shall be, and the same is hereby, DENIED WITHOUT PREJUDICE.

DATED:  **August 2, 2006**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order - Page 7**