Donald L. Harris, Esq. (ISB No. 1969)
dharris@holdenlegal.com
DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@holdenlegal.com
HOLDEN KIDWELL HAHN & CRAPO, P.L.L.C.
P.O. Box 50130
1000 Riverwalk Drive, Suite 200
Idaho Falls, ID 83405
Telephone: (208) 523-0620
Facsimile: (208) 523-9518

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMARIE MANGUM,<br><br>         Plaintiff,<br><br>v.<br><br>ACTION COLLECTION SERVICE, INC. d/b/a ACTION COLLECTION, an Idaho corporation, BONNEVILLE BILLING & COLLECTIONS, INC., an Idaho corporation, BANNOCK COLLECTIONS, INC., an Idaho corporation, CITY OF POCATELLO, a political subdivision of the State of Idaho, and DON FURU, in his individual capacity,<br><br>         Defendants. | Case No. CIV-05-507-E-BLW<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

  COMES NOW the Plaintiff, Camarie Mangum, by and through her counsel of record,

Holden, Kidwell, Hahn & Crapo, PLLC, and states her cause of action as follows:

## JURISDICTION AND VENUE

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* and 42 U.S.C. § 1983.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4), and 1367.

3. This action properly lies in the District of Idaho, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district and venue also properly lies in this District pursuant to 15 U.S.C. § 1692(I) because Plaintiff resides in this judicial district.

## PARTIES

4. Plaintiff Camarie Mangum (hereinafter "Ms. Mangum" or "Plaintiff") is a female citizen and resident of the United States of America, who is, and at all times relevant hereto, was a resident of Bannock County, Idaho, and a consumer as defined by FDCPA, 15 U.S.C. § 1692a(3) and FCRA, 15 U.S.C. § 1681a(c).

5. Defendant Action Collection Service, Inc. d/b/a Action Collection (hereinafter "Action Collection") is an Idaho corporation doing business in Bannock County, Idaho, and is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(3)(F).

6. Defendant Bonneville Billing and Collections, Inc. (hereinafter "Bonneville Collection") is an Idaho corporation doing business in Bannock County, Idaho, and is a debt

collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(3)(F).

7. Defendant Bannock Collections, Inc. (hereinafter "Bannock Collection") is an Idaho corporation doing business in Bannock County, Idaho, and is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a consumer reporting agency as defined by FCRA, 15 U.S.C. § 1681a(3)(F).

8. Defendant City of Pocatello (hereinafter "City of Pocatello") is a political subdivision of the State of Idaho, conducting business in Bannock County, Idaho.

9. Defendant Don Furu (hereinafter "Furu" or "Captain Furu") is a male citizen and resident of the United States of America, who is, and at all times relevant hereto, was a resident of Bannock County, Idaho.

## FACTS COMMON TO ALL COUNTS

10. Ms. Mangum realleges and incorporates by reference paragraphs 1 through 10 as though fully set forth herein.

11. Plaintiff is currently employed with the City of Pocatello Police Department as a dispatcher. She has been employed with the City of Pocatello Police Department since November 30, 1998.

12. On or about Thursday, December 2, 2004, Chief of Police Edward L. Guthrie, was in a retail business in Pocatello, Idaho, where he observed Plaintiff's name on a list of persons with whom it was recommended that the business not accept checks.

13. Chief Guthrie directed Captain Don Furu to conduct an investigation to determine why Plaintiff's name was included on the list.

14. Plaintiff never provided consent, either orally or in writing, for her personal consumer information to be obtained by the City of Pocatello.

15. In conducting his investigation, Captain Furu contacted Defendant Action Collection to inquire about Plaintiff's debts and her credit standing, worthiness, capacity and/or character.

16. Defendant Action Collection provided Captain Furu information about Plaintiff's debts, credit standing, worthiness, capacity and its debt collection efforts regarding Plaintiff.

17. In conducting his investigation, Captain Furu contacted Defendant Bonneville Collections to inquire about Plaintiff's debts and her credit standing, worthiness, capacity, and/or character.

18. Defendant Bonneville Collections provided Captain Furu information about Plaintiff's debts, credit standing, worthiness, capacity and its debt collection efforts regarding Plaintiff.

19. In conducting his investigation, Captain Furu contacted Defendant Bannock Collections to inquire about Plaintiff's debts and her credit standing, worthiness, capacity, and/or character.

20. Defendant Bannock Collections provided Captain Furu information about Plaintiff's debts, credit standing, worthiness, capacity and its debt collection efforts regarding Plaintiff.

21. On or about December 15, 2004, Plaintiff was directed by Captain Furu to attend a mandatory investigatory interview.

22. Plaintiff was allowed to have an additional witness with her during this interview and took her mother.

23. During this interview, Captain Furu informed Plaintiff that a list was posted at SuperSave Drug of persons from whom the business was not able to accept checks. Captain Furu further stated that he had contacted each of the Defendant debt collection agencies and obtained information with regard to her debts, and this debt collection activities.

24. As a result of Plaintiff's debts, Captain Furu informed her that she was in possible violation of the City of Pocatello's internal policies.

25. From her own research after the investigatory interview, Plaintiff learned that the list posted at the SuperSave Drug was prepared and provided to the business by Bannock Collection.

26. Plaintiff requested in writing a copy of the investigatory report obtained by the City of Pocatello, but has not received a copy.

27. Plaintiff was reprimanded based on the information obtained and continues to face disciplinary action.

## COUNT ONE
## VIOLATION OF 15 U.S.C. § 1692c

28. Ms. Mangum realleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a consumer pursuant to 15 U.S.C. § 1692a(3).

30. Defendant Action Collection, Bonneville Collections, and Bannock Collections are debt collectors pursuant to 15 U.S.C. § 1692a(6).

31. Defendant Action Collection, Bonneville Collection, and Bannock Collections communicated with a third-party without the prior consent of Plaintiff in violation of 15 U.S.C. § 1692c.

32. As a result of Defendant Action Collection, Bonneville Collection, and Bannock Collections' actions, Plaintiff has incurred actual damages including lost wages, emotional distress damages, and attorneys' fees as a result of representation necessary to save her employment.

33. In addition, Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. 1692k.

## COUNT TWO
## VIOLATION OF 15 U.S.C.§ 1692d

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. Defendants Action Collection, Bonneville Collections and Bannock Collections engaged in conduct to harass, oppress, or abuse Plaintiff by providing information with regard to her debts directly to her employer in violation of 15 U.S.C. § 1692d.

36. As a result of Defendants Action Collection, Bonneville Collections and Bannock Collections' actions, Plaintiff has incurred actual damages including lost wages, emotional distress damages, and attorneys' fees as a result of representation necessary to save her employment.

37. In addition, Plaintiff is entitled to attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT THREE
## VIOLATION OF 15 U.S.C. § 1692d

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Defendant Bannock Collection engaged in the publication of a list of consumers who allegedly refused to pay debts as posted in the SuperSave Store in violation of 15 U.S.C. § 1692d.

40. As a result of Defendant Bannock Collection's actions, Plaintiff has incurred actual damages including lost wages, emotional distress damages, and attorney's fees as a result of representation necessary to save her employment.

41. In addition, Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR
## VIOLATION OF THE FCRA, 15 U.S.C. § 1681n AGAINST ACTION COLLECTION, BONNEVILLE COLLECTIONS AND BANNOCK COLLECTIONS

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. Defendants Action Collection, Bonneville Collections and Bannock Collections are consumer reporting agencies as that term is defined by 15 U.S.C. § 1681a(f).

44. Defendants willfully failed to comply with the requirements imposed under FCRA, including but not limited to:

    (a) failing to disclose to Plaintiff the nature and substance of all information in Plaintiff's file;

    (b) failing to disclose to Plaintiff that an investigative consumer report was being procured or may be procured; and

    (c) providing an investigative consumer report without receiving certification.

45. As a direct and proximate cause of Defendants' violation of FCRA, Plaintiff suffered adverse employment action, damage to her reputation, worry, fear, stress, frustration, embarrassment, humiliation, and attorneys' fees, all to her damages in an amount to be determined by the jury.

46. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

47. Plaintiff is entitled to her attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## COUNT FIVE
## VIOLATION OF THE FCRA, 15 U.S.C. § 1681o AGAINST ACTION COLLECTION, BONNEVILLE COLLECTIONS AND BANNOCK COLLECTIONS

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as though fully set forth herein.

49. Defendants Action Collection, Bonneville Collections and Bannock Collections are consumer reporting agencies as that term is defined by 15 U.S.C. § 1681a(f).

50. Defendants negligently failed to comply with the requirements imposed under FCRA, including but not limited to:

   (a) failing to disclose to Plaintiff the nature and substance of all information in Plaintiff's file;

   (b) failing to disclose to Plaintiff that an investigative consumer report was being procured; and

   (c) providing an investigative consumer report without receiving certification.

51. As a direct and proximate cause of Defendants' violation of FCRA, Plaintiff suffered adverse employment action, damage to her reputation, worry, fear, stress, frustration, embarrassment, humiliation, and attorneys' fees, all to her damages in an amount to be determined by the jury.

52. Plaintiff is entitled to her attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## COUNT SIX
## VIOLATION OF THE FCRA, 15 U.S.C. § 1681n AGAINST CITY OF POCATELLO

53. Plaintiff realleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54. Defendant City of Pocatello is a person as that term is defined by 15 U.S.C. § 1681a(b).

55. Defendant city of Pocatello willfully failed to comply with the requirements imposed under FCRA, including but not limited to:

   (a) failing to obtain Plaintiff's oral or written authorization prior to the consumer report being obtained;

    (b)    failing to disclose to Plaintiff a summary containing the nature and substance of the communication or report upon which an adverse action was taken against Plaintiff;

    (c)    failing to provide Plaintiff a complete and accurate disclosure of the nature and scope of the investigation after written request; and

    (d)    failing to provide a summary of Plaintiff's rights under FCRA.

56. As a direct and proximate cause of Defendants' violation of FCRA, Plaintiff was caused to suffer adverse employment action, damage to her reputation, worry, fear, stress, frustration, embarrassment, humiliation, and attorneys' fees, all to her damages in an amount to be determined by the jury.

57. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

58. Plaintiff is entitled to her attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## COUNT SEVEN
## VIOLATION OF THE FCRA, 15 U.S.C. § 1681o AGAINST CITY OF POCATELLO

59. Plaintiff realleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60. Defendant City of Pocatello is a person as that term is defined by 15 U.S.C. § 1681a(b).

61. Defendant City of Pocatello negligently failed to comply with the requirements imposed under FCRA, including but not limited to:

    (a)    failing to obtain Plaintiff's oral or written authorization prior to the communication;

    (b)    failing to disclose to Plaintiff a summary containing the nature and substance of the communication upon which an adverse action was taken against Plaintiff;

    (c)    failing to provide Plaintiff a complete and accurate disclosure of the nature and scope of the investigation after written request; and

    (d)    failing to provide a summary of Plaintiff's rights under FCRA.

62.    As a direct and proximate cause of Defendants' violation of FCRA, Plaintiff was caused to suffer adverse employment action, damage to her reputation, worry, fear, stress, frustration, embarrassment, humiliation, and attorneys' fees, all to her damages in an amount to be determined by the jury.

63.    Plaintiff is entitled to her attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## COUNT EIGHT
## VIOLATION OF 42 U.S.C. § 1983 AGAINST CITY OF POCATELLO

64.    Plaintiff realleges and incorporates by reference paragraphs 1 through 63 as though fully set forth herein.

65.    Defendant City of Pocatello is a person pursuant to 42 U.S.C. 1983.

66.    The acts and omissions of Defendant City of Pocatello as set forth above were undertaken under color of state law.

67.    Plaintiff has a constitutional right of privacy under the Fourth and Fourteenth Amendments to the United States Constitution.

68.    Plaintiff has federal statutory rights as previously asserted under the FCRA and FDCPA.

69. Defendant City of Pocatello performed the above-described acts and omissions intentionally and violated Plaintiff's clearly established constitutional right of privacy, as well as her rights under the FCRA and FDCPA.

70. Defendant City of Pocatello acts and omissions were part of a pattern or practice of violations of the Constitution and the laws of the United States, which were the direct and proximate cause of the injuries complained of by Plaintiff herein.

71. As a direct and proximate result of Defendant City of Pocatello's actions and/or failures to act, Plaintiff has suffered and will continue to suffer loss of earnings, employment benefits, emotional distress, pain and suffering, medical expenses, loss of enjoyment of life, etc.  Plaintiff is entitled to general and compensatory damages, such amount to be proven at trial.

## COUNT NINE
## VIOLATION OF 42 U.S.C. § 1983 AGAINST
## CAPTAIN FURU

72. Plaintiff realleges and incorporates by reference paragraphs 1 through 71 as though fully set forth herein.

73. Defendant Captain Furu is a person pursuant to 42 U.S.C. 1983.

74. The acts and omissions of Defendant Captain Furu as set forth above were undertaken under color of state law.

75. Plaintiff has a constitutional right of privacy under the Fourth and Fourteenth Amendments to the United States Constitution.

76. Plaintiff has federal statutory rights as previously asserted under the FCRA and FDCPA.

77. Defendant Captain Furu performed the above-described acts and omissions intentionally and violated Plaintiff's clearly established constitutional right of privacy and her rights under the FCRA and FDCPA.

78. Defendant Captain Furu acts and omissions were the direct and proximate cause of the injuries complained of by Plaintiff herein.

79. As a direct and proximate result of Defendant Captain Furu's actions and/or failures to act, Plaintiff has suffered and will continue to suffer loss of earnings, employment benefits, emotional distress, pain and suffering, medical expenses, loss of enjoyment of life, etc. Plaintiff is entitled to general and compensatory damages, such amount to be proven at trial.

## ATTORNEY'S FEES

As a further direct and proximate result of Defendants' actions and/or failures to act, Ms. Mangum has been compelled to retain the services of counsel, and has thereby incurred, and will continue to incur costs and attorneys' fees which should be required to be paid by the Defendant pursuant to Idaho Code § 12-120(3), 15 U.S.C. § 1692k, 15 U.S.C. § 1681n(a), and 42 U.S.C. § 1988(b).

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues triable to a jury in this action.

## **PRAYER FOR RELIEF**

Wherefore, Ms. Mangum seeks judgment against the Defendants as follows:

1. For compensatory damages in an amount as shall be proven at trial;

2. For punitive damages in an amount as shall be proven at trial;

3. For attorney's fees pursuant to statute and costs of suit;

4. For prejudgment interest on all amounts claimed; and

5. For such other and further relief as the Court deems just and proper.


\_\_\_\_\_/s/_____     Dated: August 15, 2006
DeAnne Casperson, Esq.
HOLDEN, KIDWELL, HAHN & CRAPO, P.L.L.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of August, 2006, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**DOCUMENT SERVED:** **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**ATTORNEYS AND/OR INDIVIDUALS SERVED:**

Blake G. Hall, Attorney for City of Pocatello
bghall@anhs.net

Todd R Erikson, Attorney for Bonneville Billing & Collections, Inc.
todderikson@hotmail.com

Craig W Parrish, Attorney for Bannock Collections, Inc.
craigwparrish@lawyer.com

Jeffrey Ira Hasson, Attorney for Action Collection Service, Inc.
hasson@dhlaw.biz

Peter Dahl Shearer, Attorney for Action Collection Service, Inc.
shearerbonney@qwest.net

/s/
DeAnne Casperson, Esq.

G:\WPDATA\DC\12529 Mangum\Pldgs\Complaint.AMD.wpd:bel