IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CAMARIE MANGUM, )
) Case No. CV-05-507-E-BLW
Plaintiff, )
) **MEMORANDUM DECISION**
v. ) **AND ORDER**
)
ACTION COLLECTION SERVICE, )
INC., d/b/a/ ACTION )
COLLECTION, an Idaho corporation,)
BONNEVILLE BILLING & )
COLLECTIONS, INC., an Idaho )
corporation, BANNOCK )
COLLECTIONS, INC., an Idaho )
corporation, and CITY OF )
POCATELLO, a political subdivision )
of the State of Idaho, )
)
Defendants. )
_____ )

## INTRODUCTION

The Court has before it Defendant Bannock Collections's Motion for

Sanctions (Docket No. 64), Mangum's Motion for Reconsideration and/or

Clarification (Docket No. 90), and City of Pocatello's Motion for Reconsideration

(Docket No. 93).  The Court has determined that oral argument is not necessary.

Accordingly, the Court will decide the issues based on the briefs.

## ANALYSIS

**Memorandum Decision and Order - Page 1**

## I.    Motion for Sanctions

Defendant Bannock Collections, Inc. ("Bannock") seeks sanctions against plaintiff and her attorneys for filing her claim under the Fair Debt Collections Practices Act ("FDCPA"), knowing that the statue of limitations had expired, as well as for filing a claim under the Fair Credit Reporting Act ("FCRA"), knowing that Bannock was not a consumer reporting agency.

Rule 11 sanctions are appropriate when an attorney presents to the court "'claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]'" *Holgate v. Baldwin*, 425 F.3d 671, 675-6 (9th Cir. 2005) (quoting Fed.R.Civ.P. 11(b)(2).  When reviewing a complaint as the primary reason for sanctions, a district court considers whether, from an objective point of view, the complaint is legally or factually baseless, and whether the attorney conducted a reasonable and competent inquiry before signing and filing it. *Id.* at 676.  The Ninth Circuit has used the term "frivolous" as shorthand for this test, which denotes a filing that is both baseless and made without a reasonable and competent inquiry.  *Id.*

Here, although on summary judgment the Court ultimately agreed with Bannock's argument that Plaintiff's FDCPA claim was barred by the statue of

**Memorandum Decision and Order - Page 2**

limitations, and with Bannock's argument that Bannock was not a consumer

reporting agency within the definition of the FCRA, Plaintiff's Complaint was not

frivolous.  With respect to the statute of limitations issue, the Court specifically

noted in its earlier opinion that "[n]either the parties nor the Court was able to

locate a case addressing the specific question of whether the general discovery rule

applies to the FDCPA statute of limitations."  (Docket No. 90. Pp. 4-5).  To decide

the issue, the Court was required to analogize an FDCPA claim to a FCRA claim in

order to reach its ultimate decision not to apply the general discovery rule.  Had the

general rule applied, Plaintiff's claim would not have been barred by the statute of

limitations.  Accordingly, the Court finds that, from an objective point of view, the

complaint was not legally or factually baseless, and Plaintiff's attorney conducted a

reasonable and competent inquiry before signing and filing it.

 With respect to whether Bannock was a consumer reporting agency within

the definition of the FCRA, the Court notes that the frivolous nature of the claim is

a somewhat closer question – but not that close.  Mangum argued that because

Bannock's procedure was to provide consumer or debtor information to police

departments whenever such information was requested, Bannock assembled the

information for the purpose of providing consumer reports to third parties, making

Bannock a consumer protection agency for purposes of the FCRA.  As the Court

**Memorandum Decision and Order - Page 3**

pointed out in its earlier decision, just because a collection agency turns

information over to the police in response to an investigation does not mean that

the agency assembled the information for that purpose.  There was nothing in the

record suggesting that Bannock assembles or evaluates consumer information for

any other purpose than to collect debt on behalf of their clients - the true business

purpose of a collection agency.

However, as pointed out by Bannock in its summary judgment brief, there is

no case law addressing a fact scenario like the one presented in this case – where

an agency turned over credit information in response to a police investigation.

Therefore, the Court concludes that Plaintiff did not present the Court with a claim

not warranted by existing law or by a nonfrivolous argument for the extension,

modification, or reversal of existing law or the establishment of new law.  *See*

*Holgate v. Baldwin*, 425 F.3d 671, 675-6 (9th Cir. 2005).  Thus, Plaintiff's FCRA

claim, from an objective point of view, was not legally or factually baseless, and

Plaintiff's attorney conducted a reasonable and competent inquiry before signing

and filing it.  Accordingly, the Court will deny the motion for sanctions.

**Memorandum Decision and Order - Page 4**

## II.      Motions for Reconsideration and/or Clarification

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress.  The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979).  While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone.  Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."  *Messinger v. Anderson*, 225 U.S. 436, 444 (1912).  "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous.  There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must be balanced with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).  "Courts have distilled

various grounds for reconsideration of prior rulings into three major grounds for

justifying reconsideration: (1) an intervening change in controlling law; (2) the

availability of new evidence or an expanded factual record; and (3) need to correct

a clear error or to prevent manifest injustice."   *Louen v Twedt*, 2007 WL 915226

(E.D.Cal. March 26, 2007).  If the motion to reconsider does not fall within one of

these three categories, it must be denied.

City of Pocatello's Motion for Reconsideration is simply a restatement of its

earlier argument – it does not meet any of the three grounds outlined above for

justifying reconsideration.  Accordingly, the Court will deny the motion.

Likewise, Mangum's request that the Court determine when an FDCPA violation

occurs for an oral communication to a third party is simply an attempt to have the

Court reconsider its dismissal of Mangum's FDCPA claim based on the statute of

limitations.  Mangum's argument does not fall within one of the three categories

outlined above, and therefore the Court will deny that request as well.

As to Mangum's request that the Court clarify her § 1983 claim for federal

law violations, the Court recognizes that it did not specifically address that claim in

its previous decision.  In that claim, Mangum contends that § 1983 provides an

avenue for recovery for violations of the FDCPA and FCRA.  However,

considering the fact that the Court already dismissed Mangum's FDCPA and

**Memorandum Decision and Order - Page 6**

FCRA claims for substantive reasons, Mangum is without a § 1983 claim for those alleged violations as well.  Accordingly, Mangum's § 1983 claim is dismissed to the extent it is based on the FDCPA and FCRA.  Mangum's § 1983 claims remains only as to allegations of constitutionally protected privacy interests as outlined in the Court's earlier opinion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that, Defendant Bannock Collections's Motion for Sanctions (Docket No. 64), shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Mangum's Motion for Reconsideration and/or Clarification (Docket No. 90), shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that City of Pocatello's Motion for Reconsideration (Docket No. 93) shall be, and the same is hereby, DENIED.

DATED:  **August 2, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 7**