IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMARIE MANGUM, ) | |
| ) | Case No. CV-05-507-E-BLW |
| Plaintiff, ) | |
| ) | |
| ) | MEMORANDUM DECISION |
| v. ) | AND ORDER |
| ) | |
| ) | |
| CITY OF POCATELLO, a political ) | |
| subdivision of the State of Idaho, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

The Court has before it Defendant City of Pocatello's ("Pocatello") Motion in Limine (Docket No. 110). The Court heard oral argument on the motion during the pretrial conference. The parties then submitted supplemental briefs, and the Court now issues its decision.

## ANALYSIS

### I. Lost Wages

Defendant Pocatello objects to the introduction at trial of any evidence or testimony regarding lost wages. Pocatello contends that Mangum did not put it on notice that she was claiming lost wages because Mangum's Amended Complaint

*Memorandum Decision & Order - page 1*

merely states that her damages included loss of earnings instead of lost wages. Pocatello also argues that Mangum cannot claim lost wages because she has not pled a wrongful termination claim.

Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure states that a party's initial disclosures shall "include a computation of any category of damages claimed by the disclosing party. . . ."  In her April 28, 2006 initial disclosures, Mangum stated that she had suffered damages, which included "back wages and benefits." (Casperson Aff, Ex. A, Docket No. 115).  Pocatello cannot, therefore, contend that it was not on notice that Mangum was claiming lost wages.

Pocatello's argument that Mangum cannot claim lost wages because she has not asserted a claim for wrongful termination is without merit.  Pocatello cites no authority for this proposition, and the Court has found none.  Mangum may recover damages based on her §1983 claim if she can prove by a preponderance of the evidence that unconstitutional acts by Pocatello were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused her ultimate injury.  (See Ninth Circuit Model Jury Inst. §9.8).  That determination will be made by the jury.

Finally, Pocatello requests that Mangum's back wages be limited to wages lost before her termination.  As Pocatello notes, the Court indicated at the pretrial

*Memorandum Decision & Order - page 2*

conference that it assumes Mangum will not seek future wages because Mangum has not disclosed an expert, which would be necessary to show such damages. Moreover, it appears that Mangum has never indicated, either through her initial disclosures or elsewhere, that she seeks damages for future lost wages. That does not mean, however, that Mangum cannot put on evidence of her back wages "lost to the present time." (See Ninth Circuit Model Jury Inst. §5.2). Accordingly, the Court will not deny admission of such evidence, generally, at this point. Instead, the Court will consider the evidence when it is offered at trial. For these reasons, the Court will overrule Pocatello's objection with respect to lost wages.

## II.     Unlawful Search and Seizure Claim

Pocatello next objects to introduction of any evidence of a warrantless search claim because Mangum's Complaint does not assert a warrantless search and seizure claim. The purpose of a complaint in federal court is to provide notice to the defendant of the plaintiff's claims and the grounds upon which the claims rest. *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir 1990). "[T]he purpose of pleading is to facilitate a proper decision on the merits." *Id.*

Count Eight of Mangum's Amended Complaint states that Mangum has a constitutional right of privacy under the Fourth and Fourteenth Amendments. It

*Memorandum Decision & Order - page 3*

does not suggest that Mangum is asserting more than this single theory on her §1983 claim.[1] Mangum contends that Pocatello was sufficiently put on notice that she was asserting a warrantless search claim because she set forth two separate types of claims in her motion for summary judgment, and because her discovery requests propounded to the co-defendants, who have since been dismissed, inquired about whether Pocatello provided them with a warrant.  Mangum then explains that she provided a copy of the discovery requests and answers to Pocatello.

    A Fourth Amendment violation claims exist in at least two distinct forms: (1) violations of conditional privacy rights which require balancing the right with governmental interests; and (2) violations of the right to be free from warrantless searches, except where specific exceptions apply.  These claims are different enough that, in most cases, they require different evidence in order to prove or disprove them.  Thus, a defendant must have notice of which type of claim is being asserted in order to "facilitate a proper decision on the merits." *Id.*

    A review of Mangum's summary judgment motion reveals that although she separately addressed what she termed her Fourth and Fourteenth Amendment

---

[1] Of course, plaintiff also alleged theories under the FCRA and FDCPA, but those claims have been dismissed.

*Memorandum Decision & Order - page 4*

claims, she made no reference to a warrantless search claim. (See Amended Complaint). Mangum indicated that individuals have a right against unreasonable searches and seizures, but she made no assertion that anyone from the Pocatello Police Department violated that right through a warrantless search.[2] Moreover, asking co-defendants about warrants did not sufficiently place Pocatello on notice that she was asserting a warrantless search claim. Notably, Mangum does not suggest that the absence of a search warrant was raised as an issue during the depositions of Captain Furu, Chief Guthrie, or anyone else employed by the Pocatello Police Department.

Under these circumstances, the Court finds that Mangum did not sufficiently plead or notify Pocatello that her §1983 claim included a warrantless search claim. Accordingly, the Court will grant Pocatello's motion in limine on this issue.

## III.  Proposed Jury Instructions

As indicated at the pretrial conference, the Court will email a copy of its proposed jury instructions to counsel. Counsel shall contact Jeff Severson, the Law Clerk assigned to this case, if counsel has not received the instructions by early next week.

---

[2] Even if Mangum had made a warrantless search argument in her summary judgment brief, it would likely fail as a means of proper notice because summary judgment briefs are typically filed after discovery is closed, and it would not have given Pocatello an opportunity to do discovery related to the claim.

*Memorandum Decision & Order - page 5*

Once counsel receive the Court's proposed jury instructions, counsel should carefully review the instructions and be ready to discuss them at a break early in the trial. Moreover, counsel should pay special attention to the instructions as they relate to the test for determining whether the relevant financial information in this case deserves constitutional protection. The parties will recall that one of the reasons the Court denied summary judgment in favor of Pocatello was because factual questions remained as to what financial information was obtained and/or distributed by Pocatello. Was the information limited to bad checks, or did it include other personal financial information? If it is limited to information about Mangum's bad checks, the Court will need to address at the close of the Plaintiff's case whether an individual has a privacy interest in bad checks.

Nevertheless, the Court recognizes that the law, particularly Ninth Circuit law, on what type of financial information is entitled to protection under the federal constitutional right to privacy is not altogether straightforward. Thus, the Court expects to discuss this issue during the jury instruction conference and/or during oral argument on a Rule 50 motion. Due to the condensed trial time in this matter, the Court is giving the parties advance notice on this issue, so they will be prepared to discuss the issue at trial, with case law and arguments supporting their view.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion in Limine (Docket No. 110) shall be, and the same is hereby, GRANTED in part and DENIED in part as explained above.

DATED: **January 18, 2008**



Honorable B. Lynn Winmill
Chief U. S. District Judge

*Memorandum Decision & Order - page 7*