IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMARIE MANGUM,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF POCATELLO,<br><br>        Defendant. | Case No. CV-05-507-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant City of Pocatello's ("Pocatello") Motion for Judgment as a Matter of Law (Docket No. 122). The Court heard oral argument on the motion at the close of Plaintiff's case, and the parties provided the Court with short briefs. For the reasons explained below, the Court will grant the motion.

## ANALYSIS

If a party has been fully heard at trial, and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to render a verdict in favor of that party, the Court may grant a motion for judgment as a matter of law in favor of the opposing party. F.R.C.P. 50. Here, Plaintiff has been fully heard at

**Memorandum Decision and Order - Page 1**

trial, and Pocatello seeks a judgment as a matter of law.

The critical legal issue in this case is whether Plaintiff had a reasonable expectation of privacy in the financial information obtained by Pocatello from two collection agencies.  As this Court explained in its summary judgment order, the Ninth Circuit has observed that an individual has a constitutionally-protected privacy interest in avoiding disclosure of personal matters.  *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999).  This right includes at least some financial disclosures.  See *Denius v. Dunlap*, 209 F.3d 944, 957 (7th Cir. 2000).  In determining whether financial information should receive protection under the confidentiality branch of the right to privacy, courts look at whether the information is intimate and personal in nature.  See *Id.* (citing *In re Crawford*, 194 F.3d 954 (9th Cir. 1999).

The only information introduced as evidence at trial which has some potential for constitutional protection is Mangum's "bad checks" – checks that were returned for non-sufficient funds.  The Supreme Court has held that "checks are not confidential communications but negotiable instruments to be used in commercial transactions."  *U.S. v. Miller*, 425 U.S. 435, 442 (1976).  Checks contain only information voluntarily conveyed to banks in the ordinary course of business.  *Id.*

**Memorandum Decision and Order - Page 2**

Mangum contends that although she may not have had a privacy interest in her checks as they were initially placed in the stream of commerce, that changed once the checks were rejected for non-sufficient funds and placed in the hands of debt collectors. Mangum contends that once the checks evidenced her debt because they were rejected for non-sufficient funds, she had a reasonable expectation of privacy in that debt because she did not purposefully write bad checks.

Mangum cannot hide behind her own ignorance and mismanagement of personal finances as a means of creating a privacy interest. It is clear that any bad check, and the debt information resulting from the bad check, may make its way into a public document, viewable by all. This can occur by reason of a civil or criminal proceeding relating to the bad check. Moreover, even if civil or criminal proceedings are not instituted, the bad check will, as conceded by Mangum during her testimony, find its way back through the stream of commerce as Mangum's bank returns the check to the merchant by way of any intermediary banks which processed the instrument initially. Thus, there is no reasonable expectation of privacy in a bad check, or the debt information resulting from the bad check, regardless of whether an individual intended to write a bad check. Therefore, Mangum had no reasonable expectation of privacy in the information obtained by

**Memorandum Decision and Order - Page 3**

Pocatello.  Accordingly, the Court will grant Pocatello's Rule 50 motion and dismiss this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant City of Pocatello's Motion for Judgment as a Matter of Law (Docket No. 122) shall be, and the same is hereby, GRANTED.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.



DATED:  **February 5, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court