IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMARIE MANGUM,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF POCATELLO,<br><br>        Defendant. | Case No. CV-05-507-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Petition for Attorney Fees (Docket No. 131). The Court has determined that the decisional process on this motion would not be significantly aided by oral argument. Therefore, the Court will address the motion without a hearing.

## ANALYSIS

Defendant seeks attorney fees pursuant to 42 U.S.C. § 1988. As both parties acknowledge, fees pursuant to section 1988 should not be assessed against a plaintiff unless her claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Defendant contends that once the Court

**Memorandum Decision and Order - Page 1**

issued its order in limine explaining that, at the close of Plaintiff's case, the parties would need to address whether an individual has a privacy interest in bad checks, Plaintiff should have know that her claim would fail.  The Court disagrees.

As this Court also explained in that same order, the law, particularly Ninth Circuit law, on what type of financial information is entitled to protection under the federal constitutional right to privacy is not altogether straightforward.  The Ninth Circuit has observed that an individual has a constitutionally protected privacy interest in avoiding disclosure of personal matters.  *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999).  This right includes at least some financial disclosures.  *See Denius v. Dunlap*, 209 F.3d 944, 957 (7th Cir. 2000).  Thus, although this Court ultimately determined that Plaintiff did not produce sufficient evidence that she had a reasonable expectation of privacy in the information obtained by Defendant, the Court does not find that her claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.  *Christiansburg*, 434 U.S. at 422.  Accordingly, the Court will deny Defendant's request for fees.

**Memorandum Decision and Order - Page 2**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Petition for Attorney Fees (Docket No. 131) shall be, and the same is hereby, DENIED.

DATED:  **April 8, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge