IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CAMARIE MANGUM, | ) | CASE NO. CV 05-507-E-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| BONNEVILLE BILLING &, | ) | |
| COLLECTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Summary Judgment (Docket
No. 158) and Defendant Bonneville Billing & Collections, Inc.'s Motion for
Summary Judgment (Docket No. 159). The Court heard oral argument on the
motions on January 26, 2010, and now issues the following decision.

## ANALYSIS

I.      **Summary Judgment Standard of Review**

One of the principal purposes of the summary judgment "is to isolate and
dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S.
317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the

"principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

## II.     Cross Motions for Summary Judgment

Each party seeks summary judgment on Mangum's claim for violation of the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA, 15 U.S.C. § 1692 *et seq.*, was enacted to eliminate abusive debt collection practices, make sure debt collectors who do not use abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *Rowe v. Educational Credit Management Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009). "The FDCPA regulates the collection of debts by debt collectors by regulating the number and type of contacts a debt collector may make with the debtor." *Id*. Mangum claims that Bonneville Billing & Collection, Inc. ("Bonneville") violated two sections of the FDCPA: (1) 15 U.S.C. § 1692c(b) – Communication in connection with debt collection; and (2) 15 U.S.C. § 1692d – Harassment or abuse.

### A.     15 U.S.C. § 1692c(b) – Communication in connection with debt collection

Section 1692c(b) states that except for situations not relevant here, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."  15 U.S.C. § 1692c(b).  Mangum contends that Bonneville violated Section 1692c(b) when it communicated with Captain Furu and provided him with copies of her bad checks.

The evidence before the Court shows that Captain Furu contacted Clayne Bodily, the manager of Bonneville, on December 7, 2004.  (Bodily Aff. Dated Feb. 2007, ¶ 5.)  Captain Furu told Bodily that he was doing a police investigation, and that he needed a copy of Mangum's bad checks. (Bodily Aff., ¶ 5; Bodily depo., p. 30.)  Bodily told Captain Furu that he needed a letter from Captain Furu before he could supply him with a copy of the checks. (Bodily Aff., ¶ 6; Bodily depo., p. 29.) Captain Furu sent Bodily the request letter, which stated that Captain Furu was "conducting an administrative investigation on an employee named Camarie Mangum."  (Casperson Aff., Ex. B.)  The letter went on to explain that Captain Furu was "requesting a search of [Bonneville's] files for information relevant to [his] investigation." (Id.)  Bodily complied with the request by sending Captain Furu a copy of Mangum's five bad checks. (Casperson Aff., Ex. B.)

Bonneville contends that it did not violate Section 1692c(b) because its communication with Captain Furu was not "in connection with the collection of any debt." 15 U.S.C. § 1692c(b). Instead, Bonneville suggests that its communication with Captain Furu was in connection with a criminal investigation of Mangum.

The Court concludes that based on the evidence before it, there is a genuine issue of material fact as to whether Bonneville communicated with Captain Furu "in connection with the collection of any debt." On the one hand, the evidence shows that Captain Furu works for the Pocatello Police Department, that Captain Furu's letter to Bonneville was on official police department letterhead, and that Captain Furu contacted Bonneville and told Bodily that he was investigating Mangum. This suggests that Bonneville's communication with Captain Furu was related to a criminal investigation, and that it was not in connection with the collection of debt. On the other hand, the evidence also establishes that Captain Furu's letter stated that he was conducting an "administrative investigation" and that Mangum was an employee of the Pocatello Police Department. This suggests that Bodily may have understood that the investigation was not criminal in nature, and that his communication with Captain Furu was in connection with the collection of the debt. Accordingly, the Court will deny both motions for summary

**Memorandum Decision & Order - page 5**

judgment on the Section 1692c(b) claim.

**B.      15 U.S.C. § 1692d – Harassment or abuse**

Mangum also contends that Bonneville violated the FDCPA's prohibition against harassment or abuse by allowing Captain Furu to review Mangum's debts. Section 1692d of the FDCPA states that a debt collector may not engage in conduct which has the natural consequence of harassing, oppressing or abusing any person in connection with the collection of debt.  15 U.S.C. § 1692d.  The statute goes on to list specific types of prohibited conduct, including threats of violence or other criminal means to harm the person, use of obscene language, publication of a list of consumers who allegedly refuse to pay debts, advertisement for sale of any debt to coerce payment of the debt, continuous use of the telephone to annoy the person, or placement of telephone calls without meaningful disclosure of the caller's identity. Id.  The statute also states that these specific violations are not meant to limit the general application of the statute.  Id.

Mangum does not suggest that Bonneville engaged in the type of conduct specifically enumerated in the statute. Instead, Bonneville suggests pursuant to the catchall general application of the statute, Bonneville violated the statute because providing copies of her bad checks to Captain Furu resulted in harassment and abuse – presumably by her employer.  To some degree, the issue turns on whether

**Memorandum Decision & Order - page 6**

Bonneville intended to provide the information to Captain Furu in connection with the collection of a debt as discussed above. As explained above, that is a disputed question of fact.

Moreover, Mangum's employer had additional evidence, including information gathered from the other collection agencies, regarding Mangum's bad checks. Thus, whether the natural consequence of alleged harassment or abuse resulted from Bonneville's conduct or from that of other debt collectors or individuals is also a question of fact which must be left to the jury. Accordingly, the Court will deny the motions for summary judgment on the Section 1692d claim as well.

### C. Bona Fide Error Defense

Finally, Bonneville claims that even if it did violate the FDCPA, it is entitled to summary judgment based on the bona fide error defense. The bona fide error defense states that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

Whether the alleged violation was intentional turns on the same disputed

facts addressed above – specifically, whether Bodily communicated with Captain Furu because he thought he was required to respond to a police investigation or whether he communicated with Captain Furu to further his attempt to collect on Mangum's debt.  Accordingly, summary judgment based on the bona fide error defense is not warranted.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (docket No. 158) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant Bonneville Billing & Collections, Inc.'s Motion for Summary Judgment (Docket No. 159) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall set this case for a telephone scheduling conference for the purpose of setting a trial date.

DATED:  **February 20, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge